Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **MICHAEL GARITY**,<br><br>Plaintiff,<br><br>v.<br><br>**WRD INVESTMENTS LLC**, an Oregon limited liability company, and **DONALD KENNETH ANGELL**, individually, and **LAURA ANNE ANGELL,** individually,<br><br>Defendants. | CASE NO.:  6:19-cv-00010<br><br>**FLSA MINIMUM WAGE AND OVERTIME COMPLAINT; OREGON WAGE AND HOUR LAWS**;<br>Fair Labor Standards Act 29 U.S.C. § 201 *et*. *seq*.; Oregon Wage and Hour Laws (ORS 652)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MICHAEL GARITY ("Plaintiff"), brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendants, WRD INVESTMENTS LLC ("WRD"), an enterprise engaged in commerce or the production or goods for commerce, and DONALD KENNETH ANGELL, individually, and LAURA ANNE ANGELL, individually (hereinafter collectively, "Defendants"). Plaintiff makes his allegations based upon personal knowledge, information, and belief.

### INTRODUCTION

1. Plaintiff began working for Defendants in or around March 2016.

1 – Complaint

2. Plaintiff was hired by Defendants to provide expertise and labor in support of Defendants' marijuana growing operation near Junction City, Oregon.

3. At all times material to this Complaint, Plaintiff was a nonexempt employee protected by the minimum wage or overtime provision of the FLSA or Oregon Wage and Hour Laws.

4. Plaintiff has not been properly compensated for the work he performed for Defendants.

5. During his employment with Defendants, Plaintiff worked many hours of overtime for Defendants without being paid the applicable Oregon minimum wage and without receiving proper overtime compensation for hours worked over 40 in a workweek. Plaintiff routinely worked more that eight hours in a day and often worked more than five days per week. Plaintiff regularly worked more than 40 hours in a seven-day workweek – typically working ten to twelve hours per day, often working six days per week.

6. Throughout his employment during the period between March 2016 and May 2017 Defendants failed to compensate Plaintiff at the applicable Oregon minimum wage and failed to pay Plaintiff any overtime compensation for hours worked over 40 hours in a workweek.

7. At all times material to this Complaint, Plaintiff has not been paid overtime compensation for all hours worked over 40 hours in a workweek.

8. At all times material to this Complaint, Plaintiff has not been paid for all hours worked at the applicable Oregon minimum wage for the work he performed for Defendants.

9. During the period between March 2016 and May 2017, Plaintiff estimates he worked in excess of 2500 hours without any compensation.

10. At times material to this Complaint, Plaintiff was an employee of Defendants who acted as joint employers of Plaintiff as defined by the FLSA and Oregon Wage and Hour Laws (ORS Chapter 652).

2 – Complaint

11. At times material to this complaint, Defendants suffered and permitted Plaintiff to work as their employee without paying him for all hours worked.

12. Defendants controlled all aspects of the work Plaintiff performed for Defendants.

13. Plaintiff brings this action to recover his unpaid minimum wage and overtime compensation, liquidated damages, and penalties owed to him under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

14. With this action, Plaintiff seeks compensatory and liquidated damages, penalties, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Defendants' willful failure to pay wages including minimum wages and overtime wages due to Plaintiff.

15. Plaintiff demands a jury trial on all issues that may be tried to a jury.

16. This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

17. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

18. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

19. Plaintiff currently resides in Lane County, Oregon.

20. Defendants employed Plaintiff from on or about March 2016 until on or about May 2017.

3 – Complaint

21. Defendant, WRD Investments LLC is an Oregon limited liability company.

22. Defendant Laura Angell is an individual believed to be a resident of Jackson County, Oregon and is identified on business registry documents filed with the Oregon Secretary of State as a member of Defendant WRD Investments LLC.

23. Defendant Donald Angell is an individual believed to be a resident of Jackson County, Oregon who managed the marijuana growing operation located near Junction City, Oregon purportedly owned by Laura Angell through WRD Investments LLC.

24. Defendant Donald Angell managed the day-to-day operations of Defendant WRD Investments LLC.

25. Defendant Donald Angell recruited, hired, disciplined, and terminated employees of WRD Investments LLC.

26. Defendant Donald directed Plaintiff's work and the work of others employed by Defendants LLC for the benefit of Defendants WRD Investments LLC and its member, Defendant Laura Angell.

27. Defendants Donald Angell and Laura Angell are believed to be married couple living in Jackson County, Oregon as husband and wife.

28. At all material times, Defendants operated a marijuana growing enterprise on leased property near Junction City, Oregon.

29. Defendants are subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

30. At all times material to this Complaint, Defendants were joint employers as that term is defined in the FLSA.

4 – Complaint

31.    As joint employers, Defendants are jointly and severally liable for Plaintiff's damages, penalties, fees, and costs arising from their violations of state and federal minimum wage and overtime compensation laws.

32.    At all material times, Defendants operated an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because they had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of WRD Investments LLC was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

33.    At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendants directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and working conditions of Plaintiff.

34.    At all times while working for Defendants, Plaintiff was not compensated in a manner that comports with the overtime provisions of either the FLSA or Oregon Wage and Hour laws.

## FACTS

35.    At all times material to this Complaint, Plaintiff performed work for the direct and exclusive benefit of Defendants' that included consultation and manual labor services.

36.    At times material to this Complaint, Defendants failed to compensate Plaintiff for work performed on Defendants' behalf.

37.    At times material to this Complaint, Defendants failed to compensate Plaintiff for all hours worked and failed to pay overtime compensation even though Plaintiff worked full-time for Defendants and routinely earned overtime by working in excess of 40 hours in a workweek on multiple weeks.

5 – Complaint

38. At times material to this Complaint, Plaintiff has not been properly compensated for all hours worked throughout the course of his employment by Defendants. For example, during the months of October and November of 2016 Plaintiff routinely worked 70 hours per week and was not paid minimum wage or any overtime compensation for that period. During this period, Plaintiff received no compensation from Defendants for work he performed for Defendants.

39. At times material to this Complaint, Plaintiff has not been provided with itemized statements of pay and Defendants failed to pay Plaintiff on a regular payday.

40. Records of all hours worked by Plaintiff are in possession and control of Defendants.

41. At all times material to this Complaint, Defendants willfully failed to compute Plaintiff's correct regular rate of pay for purposes of determining the amount of overtime compensation due to Plaintiff.

42. At times material to this Complaint, Defendants willfully failed to comply with Oregon and federal wage and hour laws with respect to recordkeeping and the timely payment of minimum wage and overtime compensation when due and upon termination of employment.

43. As a condition of his employment, Plaintiff was required by Defendants to use his personal vehicle to drive between work locations and various parts and material suppliers to purchase, transport, and deliver products and materials for Defendants.

44. As a condition of his employment, Plaintiff was required by Defendants to incur expenses related to the use of his personal vehicle and cell phone to conduct Defendants' business without being reimbursement from Defendants'.

45. During his employment, Plaintiff provided a direct economic benefit, or kickback, to Defendants as a condition of his employment by: 1) using his personal cell phone, while also paying for and using his personal cellular data services; and, 2) using his personal vehicle, while also paying all vehicle operating expenses, for the direct benefit of the Defendants.

46. At times material to this Complaint, Defendants enjoyed cost-saving kickbacks from Plaintiff in the form of vehicle operation and maintenance expenses and cell phone services that were paid by Plaintiff for the direct benefit of Defendants.

47. At times material to this Complaint, Defendants failed to reimburse or compensate Plaintiff in any way for the use of his vehicle and personal communications devices and service, which were paid for by Plaintiff but used for Defendants' benefit while Plaintiff was performing work for Defendants.  As a result of being required to pay kickbacks to Defendants, any compensation received by Plaintiff's was reduced and Plaintiff is entitled to reimbursement for his unreimbursed business expenses.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

48. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 53 above.

49. At times material to this Complaint, Plaintiff performed duties for the benefit of, and on behalf of the Defendants, under employment terms and conditions set by Defendants.

50. At times material to this Complaint, Defendants were required to pay Plaintiff in accordance with the overtime provisions of the FLSA.

51. At times material to this Complaint, Defendants were required to pay Plaintiff an amount not less than the Oregon minimum wage for all hours worked.

52. At times material to this Complaint, Defendants failed to pay Plaintiff an amount not less than the Oregon minimum wage for all hours worked

53. At times material to this Complaint, Defendants were required to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a workweek.

54. At times material to this Complaint, Defendants did not compute a regular rate of pay for Plaintiff by adding together his total earnings for a workweek and dividing that sum by the total hours worked as required by 29 C.F.R. §778.111.

55. At times material to this Complaint, Defendants did not account for the business expenses incurred by Plaintiff for Defendants' benefit when computing his rates of pay.

56. At times material to this Complaint, Defendants' failed to compute a regular rate of pay and properly compensate Plaintiff for the overtime compensation earned by Plaintiff.

57. At times material to this Complaint, Defendants have not paid Plaintiff at a rate equivalent to the Oregon minimum wage for all hours worked.

58. At times material to this Complaint, Defendants have not paid Plaintiff the correct amount of overtime pay at a rate equal to one and one-half of his regular rate of pay for workweeks in which he worked in excess of 40 hours in violation of 29 U.S.C. § 207.

59. At all material times hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff performed services and labor for Defendants for which Defendants failed to track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff overtime.

60. Plaintiff is entitled to liquidated damages for Defendants' willful failure to pay minimum wage and the correct amount of overtime compensation earned.

61. Plaintiff bring this action individually against Defendants jointly and severally, seeking unpaid minimum wages, overtime compensation, reimbursement for business expenses incurred for Defendants' benefit, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

62. Defendants' failure to pay Plaintiff all minimum wages and overtime earned was willful and resulted from the Defendants' willful act of knowingly failing to properly compensate

Plaintiff for all hours worked when Plaintiff was an employed as a non-exempt employee subject to the minimum wage and overtime protections of the FLSA.

63. By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)

64. Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 53 above.

65. Defendants, jointly and severally, violated ORS 652 when they: 1) failed to pay Plaintiff for all hours worked in amount not less than the applicable Oregon minimum wage; 2) failed to pay Plaintiff overtime compensation earned; 3) failed to reimburse Plaintiff for business related expenses paid by Plaintiff on behalf of Defendants; 4) failed to pay Plaintiff all wages due and owing on a regular payday; and, 5) failed to pay Plaintiff all wages due upon termination of Plaintiff's employment.

66. Plaintiff has been damaged by Defendants' violations of Oregon Wage and Hour Laws and is entitled to his actual damages and penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully ask the Court to grant the following relief against Defendants jointly and severally:

1. On the First Claim for Relief, award Plaintiff: his actual damages for unpaid minimum wage and overtime compensation in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to

the FLSA; and, his unreimbursed business expenses in an amount to be determined at trial.

2. On the Second Claim for Relief, award Plaintiff his actual damages for violations of Oregon Wage and Hour Laws, and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3. Award Plaintiff his reasonable attorney fees and costs;

4. Award Plaintiff his pre-judgment and post-judgment interest; and

5. Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

**DATED the 3rd day of January 2019.**

                Respectfully submitted,

                __/s Drew G. Johnson_____
                Drew G. Johnson
                E-mail: drew@leimanlaw.com
                Oregon State Bar No.: 114289
                44 W. Broadway, Suite 326
                Eugene, OR 97401
                Telephone: (541) 345-2376
                Facsimile: (541) 345-2377
                Of Attorneys for Plaintiff

                __/s Alan J. Leiman_____
                Alan J. Leiman
                E-mail: alan@leimanlaw.com
                Oregon State Bar No.: 98074
                44 W. Broadway, Suite 326
                Eugene, OR 97401
                Telephone: (541) 345-2376
                Facsimile: (541) 345-2377
                Of Attorneys for Plaintiff